**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 25-cv-00985-RMR

MICHAEL MILLIGAN,

Petitioner,

v.

MOSES STANCIL, Executive Director of Colorado Department of Corrections,

Respondent.

---

**ORDER**

---

This matter is before the Court on Petitioner Michael Milligan's ("Petitioner") Motion Request to Alter and/or Amend Judgment Pursuant to Rule 59(e), ECF No. 33; Motion for Certification of Question of State Law and Stay, ECF No. 36; and Motion Requesting Disposition of Motions and Request for Their Judgment Be Set Out in Separate Documents, ECF No. 39. Respondent filed responses to the motions, ECF Nos. 34, 37, 40; and Petitioner filed a reply to each, ECF Nos. 35, 38, 41. Because Petitioner proceeds *pro se*, the Court must construe his motions liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. MOTION TO ALTER OR AMEND JUDGMENT (ECF NO. 33)

First, Petitioner asks the Court to reconsider the judgment denying his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and dismissing the action with prejudice. ECF Nos. 31, 32. A litigant subject to an adverse judgment, and who seeks

reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Here, Petitioner's Motion to Alter or Amend Judgment was filed within 28 days of final judgment and, thus, will be considered a motion pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider filed within time limit for filing a Rule 59(e) motion should be construed as a Rule 59(e) motion).

A motion pursuant to Rule 59(e) may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) motions should not revisit issues already addressed or advance arguments that could have been raised previously. *Id.*; *see also United States v. Antonine,* 840 F. App'x 385, 386 n.1 (10th Cir. 2021) (recognizing that Rule 59 allows a court the chance to rectify its own mistakes, "not to raise new arguments, identify new evidence previously available, or reargue contentions properly rejected.").

Petitioner is an inmate incarcerated within the Colorado Department of Corrections ("CDOC") who sought habeas relief regarding the calculation of his sentence in relation to a parole revocation. ECF No. 34 ¶ 1. On March 20, 2026, the Court issued an Order

denying his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 31. The Court concluded that Petitioner failed to demonstrate he was unlawfully confined pursuant to the revocation of his parole for the remainder of his sentence under Colo. Rev. Stat. § 17-22.5-403(6) rather than the remainder of his parole period as authorized by Colo. Rev. Stat. § 17-2-103(11)(b)(II). *See* ECF No. 31. Thus, the Court dismissed this matter with prejudice and judgment entered that same day. *Id.*; ECF No. 32.

In the pending Rule 59(e) motion, Petitioner advances the same argument—that Section 17-2-103(11)(b)(II) applies to him—and references several cases interpreting and applying Colorado's parole statutes, which he argues support his position. *See* ECF No. 33. In the Order denying habeas corpus relief, the Court found that the statutory language in Colorado's parole statutes was unambiguous and did not conflict with other statutory provisions in determining that Section 17-2-103(b)(11) does not apply to Petitioner's revocation of parole and that his parole was properly revoked for "the period remaining on such person's sentence" pursuant to Section 17-22.5-403(6). ECF No. 31 at 9-10. In his Rule 59(e) motion, Petitioner fails to point to a clear error of law, a misapprehension of the facts, or that the action should be reinstated based on new evidence previously unavailable. Therefore, the Court finds that Petitioner fails to meet the Rule 59(e) standard, and Petitioner's Motion to Alter Judgment is DENIED.

## II. MOTION FOR CERTIFICATION (ECF NO. 36)

Next, Petitioner asserts that "Rule 21.1 of the Colorado Rules of Appellate Procedure permits the Colorado Supreme Court to answer a question of law certified to

it by a United States District Court upon said court's own motion, if there is involved in any proceeding before it questions a law of Colorado which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court that there is not controlling precedent in the decisions of the Colorado Supreme Court." ECF No. 36 at 2. He specifically argues that the interpretation and application of Colo. Rev. Stat. § 17-2-103(11)(b)(II) "is of first impression before the Court and is novel and is unsettled Colorado state law never addressed or interpreted by the Colorado Supreme Court." *Id.* at 3. He asks the Court to certify the following two questions:

(1) As of May 28, 2019 did the amendments to section 17-2-103(11)(b)(II) by Colorado Senate Bill 19-143 make possession of a deadly weapon, refusing or failing to comply with requirements of sex offender treatment, absconding, willful failure to appear for a summons, unlawful contact with a victim, and the willful tampering or removal of an electronic monitoring device that the parolee is required to wear as a condition of parole, technical parole condition violations if they did not include the commission of a felony or misdemeanor crime?

(2) As of May 28, 2019 did the amendments to section 17-2-103(11)(b)(II) by Colorado Senate Bill 19-143 restrict the duration of confinement to up to the remainder of the parolee's period of parole on the violation of the legislative determined technical parole conditions of possession of a deadly weapon, refusing or failing to comply with requirements of sex offender treatment, absconding, willful failure to appear for a summons, unlawful contact with a victim, or the willful tampering or removal of an electronic monitoring device that the parolee is required to wear as a condition of parole?

*Id.* at 4.

The Court recognizes that "[c]ertification is a useful procedure which the Supreme Court has used or commended several times." *Lindsey v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998). Colorado Rule of Appellate Procedure 21.1 authorizes the

Colorado Supreme Court to answer a question of state law certified to it by a federal court if the question "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court that there is no controlling precedent in the decisions of the supreme court." Colo. App. R. 21.1(a). "Whether to certify a question of state law to the state supreme court is within the discretion of the federal court." *Painter v. Midwest Health, Inc.*, No. 21-3195, 2022 WL 17332734, at *7 (10th Cir. Nov. 30, 2022). However, "[c]ertification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988). Certification is appropriate when the state law question before the court "(1) may be determinative of the case at hand and (2) is sufficiently novel that [the Court] feel[s] uncomfortable attempting to decide it without further guidance." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007). Additionally, the Tenth Circuit "generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court." *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1331 (10th Cir. 1994). Courts in this district have applied this principle, noting that "certification is not a vehicle for a second bite at the apple." *Travelers Indem. Co. of Am. v. BonBeck Parker, LLC*, No. 14-cv-02059-RM-MJW, 2017 WL 10667200, at *4 (D. Colo. Mar. 1, 2017).

Here, Petitioner's request to certify questions to the Colorado Supreme Court after entry of final judgment must be denied. First, the Court may not certify the state law questions to the Colorado Supreme Court in the absence of a pending action in which those questions are relevant. Petitioner has received an adverse decision, and his

application has been denied on the merits. Second, contrary to Petitioner's position, the Colorado Supreme Court has rejected his argument concerning the interpretation of Colo. Rev. Stat. § 17-2-103(11)(b)(1) when it affirmed the district court's order dismissing his petition for a writ of habeas corpus in his criminal case. *See* ECF No. 37-1 (Order rejecting petitioner's request that "CDOC confine him solely for the remainder of his five-year parole term . . . rather than for the remainder of his original sentence from his criminal convictions," after finding that "Section 17-22.5-403(6) specifically does permit the Parole Board to confine [him] for the remainder of his sentence" because Section 17-2-103(11)(b)(II) does not apply to a parole violation for failing to comply with sex offender treatment.); ECF No. 37-2 (Colorado Supreme Court Order affirming decision of Fremont County District Court). Thus, there is no unsettled question of state law that is "sufficiently novel that [the Court] feel[s] uncomfortable attempting to decide it without further guidance." *Pino*, 507 F.3d at 1236. Thus, Petitioner's Motion for Certification of Question of State Law and Stay, ECF No. 36, is DENIED.

## III. MOTION REQUESTING DISPOSITION OF MOTIONS (ECF NO. 39)

Finally, Petitioner requests the Court decide his pending motions and set out their judgments in separate documents. As for his first request, the Court has now ruled on his pending motions. As for Petitioner's second request, Fed. R. Civ. P. 58(d) provides "[a] party may request that judgment be set out in a separate document." However, pursuant to Fed. R. Civ. P. 58(a)(4), "[e]very judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion for a new trial, or to alter or amend the judgment, under Rule 59." In this case,

the Court has denied Petitioner's Motion to Alter Judgment under Rule 59(e). Thus, the Court need not enter a separate document for judgment. Accordingly, Petitioner's Motion Requesting Disposition of Motions, ECF No. 39, is GRANTED IN PART and DENIED IN PART.

## IV. CONCLUSION

Accordingly, it is ORDERED that:

1. Petitioner's Motion Request to Alter and/or Amend Judgment Pursuant to Rule 59(e), ECF No. 33, is DENIED;
2. Petitioner's Motion for Certification of Question of State Law and Stay, ECF No. 36, is DENIED; and
3. Petitioner's Motion Requesting Disposition of Motions and Request for Their Judgment Be Set Out in Separate Documents, ECF No. 39, is GRANTED IN PART and DENIED IN PART.

DATED: October 28, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court